## Palmer v. Bells Mills Coal Company et al.

*Workmen's Compensation Act of 1915—Rehearing and hearing de novo—Evidence at a hearing de novo should be taken before the board.*

1. Under the Workmen's Compensation Act of June 2, 1915, § 418, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, the findings of fact by a referee on a question of fact are final, unless the Compensation Board grants a hearing *de novo* or a rehearing.

2 A hearing *de novo* means a new hearing by the board itself; while a rehearing means another hearing by the referee with authority to make findings of fact, based upon testimony taken at such rehearing, in the same manner as at the original hearing.

3. When the board desires to substitute its own findings of fact for those made by the referee, it should do so only after other evidence has been heard by it at a hearing *de novo*.

4. If the testimony at a hearing *de novo* is taken before the referee without any member of the board being present, the action of the board thereon in substituting its own findings of fact for those of the referee is unauthorized, and the award will be reversed by the court upon appeal.

Appeal. C. P. Indiana Co., June T., 1921, No. 219.

*James L. Jack*, for claimant.

*Henry I. Wilson* and *H. J. Nesbit*, for defendants.

LANGHAM, P. J., July 28, 1921.—In this case, Frank Palmer, claimant, brought claim petition against Bells Mills Coal Company, defendant, and insurance carrier, Pennsylvania Bituminous Mutual Association, claiming compensation for an alleged accident which caused an injury which has been described as "impacted fracture of the acromion process of the scapula of right shoulder," the date of alleged accident being given as Dec. 3, 1919, and the place at mine of defendant company in Burrell Township, Indiana County, Pa. The case was assigned to G. M. Gleason, Du Bois, Pa., he being the Compensation Referee of the Tenth District. After hearing, said referee filed his report disallowing compensation. From this disallowance of compensation the claimant appealed, and later the Workmen's Compensation Board granted a hearing *de novo*. Instead of holding the proceedings, as we believe is contemplated by the act, the board ordered the same referee, G. M. Gleason, to preside at the taking of testimony at what was termed the hearing *de novo*, such further taking of testimony having been carried out by said referee on Jan. 27, 1920. The Workmen's Compensation Board, by an opinion filed, set forth, *inter alia*, as follows: "The testimony taken before the referee was adopted to be considered as if taken before the board, and the testimony at the hearing *de novo* was taken before Referee Gus M. Gleason." Then followed the "findings of fact," "conclusions of law," and "award" of the board. The case is before us upon an appeal by the defendants from such "findings of fact," "conclusions of law" and "award" of the board.

The latter part of section 418 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, reads as follows: ". . . the findings of fact made by a referee to whom a petition has been assigned on any question of fact has been referred, under the provisions of section 419, shall be final, unless the board shall, under the provisions of section 425 of this article, grant a hearing *de novo* or a rehearing." Thus it appears that when the board was considering the appeal by the claimant from the disallowance of compensation by said referee, the findings of fact by the referee would be final, unless a hearing *de novo* or rehearing was granted. At this point we call attention to the fact that the terms "hearing *de novo*" and "rehearing" are not synonymous terms, the distinction

1 D. & C.

being, as we understand it, that a hearing *de novo* means a new hearing entirely, and by the board itself; while a rehearing, as applied to this case, means another hearing by the referee, with as full and complete authority and duty in such referee to make findings of fact, based upon competent testimony taken at such rehearing, in the same manner practically as was done at the original hearing. In the hearing *de novo*, the board may examine the testimony taken before such referee, but if it desires to substitute findings of fact for findings of the referee, there should be testimony taken before it, because section 423 of the act provides that the board "may substitute for the findings of the referee such findings of fact as the evidence taken before the referee *and the board,* as hereinbefore provided, may, in the judgment of the board, require, and may make such disallowance or award of compensation or other orders as the facts so found may require." Thus it will be seen that when the board desires to substitute findings of fact of its own for findings made by the referee, it should only do so after "other evidence" has been heard by the board. And such "other evidence" may only be heard by the board in such case by hearing *de novo.* Therefore, as above set forth, the testimony taken at a hearing *de novo* should be taken before the board itself. This construction of the statute is based upon sound reasoning. The tribunal which hears the testimony is the proper authority to pass upon the credibility of witnesses and make findings of fact. This principle is recognized all through our laws, and particularly in the Workmen's Compensation Act of 1915, as amended by the Act of 1919, which latter act, so far as the "procedure (article IV)" is concerned, applies to this case. In our opinion, the hearing *de novo* having been granted by the board, the board itself should have heard the "other evidence." This theory is strengthened by reading section 419, which provides how the board may have the assistance of the referee in any such cases; but under said latter section it will be noted that the authority (referee) which hears the testimony makes the findings of fact. In the case at bar the referee heard all the testimony, but the board found the facts, and it must be remembered it substituted its findings of fact in place of the findings formerly made by the referee. We hold that such action by the board is not authorized by the act, and that, in consequence thereof, the findings of fact, conclusions of law and award made by the board should be reversed, and the record remitted to the board for further hearing and determination, under section 427 of said act. No testimony was taken by the board as contemplated by section 423 of the act. None of the testimony taken before the referee would be competent to be considered by the board unless the board had heard the testimony taken upon the hearing *de novo*, and, in coming to this conclusion, we have not overlooked section 425 of said act. We believe said section 425, properly interpreted, limits the hearing *de novo* to be "before the board." It says: "Whenever an appeal shall be taken, . . . the board may, in its discretion, grant a hearing *de novo before the board* or assign the petition for rehearing to a referee designated by it, or sustain the referee's award or disallowance of compensation." In this case the board granted a hearing *de novo;* it did not assign the petition for rehearing to any referee designated by it. Had it done so, such assignment would have carried the authority and duty with it that such referee should make the findings of fact. (See section 419.) Here, again, we call attention to the fact that a rehearing is not a hearing *de novo*, and that being true, by section 425, a hearing *de novo* is before the board. Surely, if the board desires to assume the responsibility of finding the facts in any case, it is only reasonable that it be required to listen to the testimony upon which such facts are based; and, furthermore,

we feel that the board cannot on any hearing *de novo* give proper consideration and interpretation of credible testimony without being personally present.

We fully realize that the board might reasonably feel it is justified in having the testimony taken in many of the hearings *de novo* with a referee presiding, without the presence of any member of the board, because of the great volume of work which comes before it for consideration; but the principle that he who hears the testimony should find the facts is so important that it seems unwise to depart from it.

Based upon the foregoing opinion, the court, therefore, makes the following

*Order of court.*

And now, to wit, July 28, 1921, after arguments by counsel and due consideration, the court sustains the appellant's exceptions to the findings of fact and reverses the action of the board founded thereon, including the conclusions of law and award, and the record is remitted to the board for further hearing and determination, as per provisions contained in section 427 of said act. On request of counsel for plaintiff, an exception is allowed plaintiff.